UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CARL D. GOODMAN                                                                                    PLAINTIFF

V.                                     No. 3:22-CV-20-JTR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                     DEFENDANT

## ORDER

### I. Introduction

Plaintiff, Carl D. Goodman ("Goodman"), applied for supplemental security income benefits on July 7, 2016, alleging disability beginning on September 1, 2015.[1] (Tr. at 904). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application on January 30, 2019. (Tr. at 11–26). On December 30, 2019, Goodman filed a Complaint in this Court, asking for reversal and remand of the ALJ's decision. (Tr. at 904) (3:19-CV-380-JM-JTR).

On December 2, 2020, U.S. District Judge James M. Moody Jr. adopted my Recommended Disposition and remanded the case for further consideration of Goodman's alcohol use disorder. (Tr. at 904–907). The Appeals Council subsequently returned the case to an ALJ for further administrative review. *Id*.

---

[1] For supplemental security income claims, the relevant time-period begins on the date the application was filed. (Tr. at 12-13).

A second hearing was held on June 7, 2021, and on October 8, 2021, an ALJ issued a partially favorable decision. (Tr. at 901–930). On January 24, 2022, Goodman filed his Complaint initiating this action and seeking judicial review of the ALJ's decision. (3:22-CV-20-JTR). Subsequently, the parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 4.*

For the reasons stated below, the Court reverses the ALJ's decision and remands for further review.

## II. The Commissioner's Decision

The ALJ found that Goodman, who was 49 years old at the time of the second hearing, and would turn 50 years old on September 20, 2021, had not engaged in substantial gainful activity since the application date of July 7, 2016.[2] (Tr. at 907, 928). At Step Two, the ALJ found that Goodman had the following severe impairments: degenerative disc disease of the spine, peripheral neuropathy of the bilateral lower extremities, chronic venous insufficiency due to deep vein thrombosis, depression, anxiety, post-traumatic stress disorder (PTSD), and alcohol abuse. (Tr. at 907).

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

After finding that Goodman's impairments did not meet or equal a listed impairment[3] (Tr. at 908), the ALJ determined that Goodman had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with additional limitations. (Tr. at 912). The ALJ set forth that Goodman: (1) could not climb, and could no more than occasionally balance; (2) requires the use of a cane in his dominant upper extremity to ambulate; (3) can no more than occasionally stoop and crouch, and can no more than occasionally reach overhead with the dominant upper extremity; (4) should not be exposed to hazards such as unprotected heights, moving machinery, and open flames; and (5) can perform work where the interpersonal contact is limited (for example: answering simple questions, responding appropriately to supervisors and coworkers, and where interacting with the public is infrequent and not considered to be an essential job duty). *Id*. From a mental standpoint, the RFC further provided that the complexity of tasks performed can be learned by demonstration or repetition within 30 days, with few variables and little judgment, and the supervision required is simple, direct, and concrete. *Id*.

The ALJ determined that Goodman was unable to perform any of his past relevant work. (Tr. at 928–930). The ALJ noted that Goodman turned age 50 on September 20, 2021, which is defined as an individual closely approaching

---

[3] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

advanced age. *Id.* The change in age category diminishes Goodman's ability to perform in the competitive workplace, and the ALJ found that he would be unable to work as of that date. *See* 20 C.F.R. § 416.963; (Tr. at 929).

At Step Five, the ALJ relied upon Vocational Expert ("VE") testimony to find that, based on Goodman's age, education, work experience and RFC, prior to September 20, 2021, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 930–931). Specifically, the jobs that the VE identified were stuffer[4] and lamp shade assembler. *Id*. Thus, the ALJ concluded that Goodman was not disabled prior to September 20, 2021, but was disabled from that date forward. *Id*.

### III. Discussion

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

"[O]ur review is more than an examination of the record for the

---

[4] A stuffer blows filler into toy or sporting equipment shells. https://occupationalinfo.org/73/731685014.html

existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

### B. Goodman's Arguments on Appeal

Goodman contends that evidence supporting the ALJ's decision to deny his application for benefits is less than substantial. He argues that the ALJ erred at Step Five and that the RFC did not fully incorporate Goodman's limitations. The Court finds support for this argument.

The ALJ found that, due to low back and right shoulder injuries, Goodman would be limited to occasional overhead reaching with the dominant upper extremity in a workplace setting. (Tr. at 912). However, the two jobs identified by

the VE at Step Five both require frequent reaching, which presents a possible conflict. (Doc. No. 10-1; *Dictionary of Occupational Titles*). In a decision dated January 30, 2019 (Tr. at 26), the first ALJ observed this potential conflict between the RFC and jobs requiring frequent reaching, and the VE testified that he resolved the conflict based on his experience and observation of the job requirements. (Tr. at 203). At the second hearing, however, the ALJ did not address that same conflict and the VE did not offer any explanation, or even observe the possible conflict. With no direct inquiry on the subject, the ALJ simply wrote: "the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the *Dictionary of Occupational Titles*." (Tr. at 930).

Before relying on VE evidence to support a determination that a claimant is not disabled, the ALJ has an affirmative responsibility to ask about "any possible conflict" between VE testimony and the *Dictionary of Occupational Titles*, and to obtain an explanation for any such conflict. *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007); *see* Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000). The Eighth Circuit has held that, just like in this case, a limitation to occasional overhead work presents a possible conflict with jobs requiring frequent reaching. *See Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014) (noting, in vacating decision affirming denial of benefits, that "the record does not reflect whether the VE or the ALJ even recognized the possible conflict

between the hypothetical describing a claimant who could reach overhead only occasionally," and the job as described in the DOT). Because the ALJ did not acknowledge the possible conflict in this case, or ask the VE for any clarification, reversal is warranted.

## IV. Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477). The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court finds that the ALJ's decision is not supported by substantial evidence, because the ALJ did not resolve a possible conflict at Step Five.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is REVERSED and the case is REMANDED for further review.

DATED this 4th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE